THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, as successor by merger to ESSEX INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>THE BANTRY GROUP d/b/a WEXFORD HEALTH SOURCES, INC.,<br><br>Defendant. | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Evanston Insurance Company, as successor by merger to Essex Insurance Company ("Evanston"), by and through its attorney, Jonathan L. Schwartz of Goldberg Segalla LLP, brings this Complaint for Declaratory Judgment against Defendant The Bantry Group d/b/a Wexford Health Sources, Inc. ("Wexford"), and alleges and states as follows:

### NATURE OF THE ACTION

1. Evanston brings this insurance coverage action to obtain a declaratory judgment that Evanston has no duty to indemnify Wexford for an award of attorney's fees and costs in connection with a lawsuit pending in the United States District Court for the Northern District of Illinois, Eastern Division, titled Johansen v. Wexford, et al., No. 1:15-cv-02376 (the "Underlying Lawsuit").

### THE PARTIES

2. Plaintiff Evanston is a corporation organized under the laws of Illinois, with its principal place of business in Rosemont, Illinois.

3. Defendant Wexford is a corporation organized under the laws of Pennsylvania, with its principal place of business in Pittsburgh, Pennsylvania.

## JURISDICTION AND VENUE

4. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

5. Diversity jurisdiction exists because: (a) there is a complete diversity of citizenship between Plaintiff Evanston and Defendant Wexford; and (b) the amount in controversy exceeds $75,000.

6. Venue is appropriate under 28 U.S.C. § 1391 because Wexford regularly conducts business in this district, and the Underlying Lawsuit from which the attorney fee award emanates is pending in this district.

## THE POLICY

7. Evanston issued to Wexford a Specified Medical Professions insurance policy, No. SM905466, with effective dates of February 1, 2015 to February 1, 2016 (the "Evanston Policy"). A true and correct copy of the Evanston Policy is attached hereto as **Exhibit A**.

8. The Evanston Policy provides Professional Liability coverage on a claims made basis.

9. The Evanston Policy contains the following relevant endorsement:

> **AMENDMENT OF DEFINITIONS: DAMAGES AND CLAIM EXPENSES**
>
> This endorsement modifies insurance provided under the following:
>
> SPECIFIED MEDICAL PROFESSIONS PROFESSIONAL LIABILITY INSURANCE COVERAGE PART
>
> In consideration of the premium paid, it is hereby understood and agreed that the policy is amended as follows:
>
> 1. Section DEFINITIONS C. is deleted and replaced with the following:

    C.    **Claim Expenses** means reasonable and necessary amounts incurred by the Company or by the Insured with the prior written consent of the Company in the defense of that portion of any Claim for which coverage is afforded under this Coverage Part, including costs of investigation, court costs, costs of bonds to release attachments and similar bonds, but without any obligation of the Company to apply for or furnish any such bonds, and costs of appeals; provided, however, that Claim Expenses shall not include: (1) salary, wages, overhead, or benefit expenses of or associated with Employees or officials of the Named Insured or employees or officials of the Company; or (2) salary, wages, administration, overhead, benefit expenses, or charges of any kind attributable to any in-house counsel or captive out—of-house counsel for the Named Insured or the Company.

    Claim Expenses also includes those attorneys fees as provided under the Prisoner Litigation Reform Act.

2. **DEFINITIONS D. DAMAGES** is deleted and replaced with the following:

    I.    Damages means the monetary portion of any judgment, award or settlement; provided, however that Damages shall not include: (1) multiplied portions of damages in excess of actual damages, including trebling damages; (2) taxes, criminal or civil fines, or penalties imposed by law; (3) sanctions; (4) matters which are uninsurable under the law pursuant to which this policy shall be construed; or (5) the return of or restitution of fees, profits or charges for services rendered.

<u>See</u> **Exhibit A**.

    10.    The Evanston Policy also contains the following relevant definition:

**COMMON POLICY CONDITIONS**

In consideration of the premium paid, the undertaking of the Named Insured to pay the applicable Deductible as described herein and in the amount stated in the Declarations, and in reliance upon the statements in the application attached hereto and made a part hereof and the underwriting information submitted on behalf of the Insured, and subject to the terms, conditions and limitations of this policy, the Company and the Insured agree as follows:

>Various provisions in the Common Policy Conditions restrict coverage.
>
>All Coverage Parts included in this policy are subject the following conditions:
>
>**DEFINITIONS**
>
>A. **Damages** means the monetary portion of any judgment, award or settlement; provided, however, Damages shall not include: (1) punitive or exemplary damages or multiple portions of damages in excess of actual damages, including trebling of damages; (2) taxes, criminal or civil fines, or *attorney's fees* or other penalties imposed by law; (3) sanctions; (4) matters which are uninsurable under the law pursuant to which this policy shall be construed; or (5) the return of or restitution of fees, profits or charges for services rendered.

Id. (emphasis added).

## THE UNDERLYING LAWSUIT

11. The Underlying Lawsuit arose out of Kurt Johansen's ("Underlying Plaintiff") claims of deliberate indifference to a serious medical need in violation of the Eighth Amendment of the United States Constitution while he was incarcerated. Specifically, Underlying Plaintiff alleged that Wexford and its employees were deliberately indifferent to his need for psychiatric medication to treat anxiety and depression and failed to provide his prescribed medication for a period of eighteen days.

12. Underlying Plaintiff prevailed on his motion for summary judgment against a Wexford employee and, as a result, sought to recover attorney's fees and costs pursuant to 42 U.S.C. § 1988 – Proceedings In Vindication Of Civil Rights ("Section 1988").

13. By letter dated November 12, 2019, Evanston informed Wexford that it would defend Wexford pursuant to a reservation of rights in connection with the Underlying Lawsuit. A true and correct copy of the November 12, 2019 Reservation of Rights Letter is attached hereto as **Exhibit B**.

14. In the Reservation of Rights Letter, Evanston also informed Wexford that pursuant to the policy language cited above, Evanston had no obligation to indemnify Wexford for any award of attorney's fees or costs.

15. On July 20, 2020, Underlying Plaintiff filed his Petition for Section 1988 Fees and Costs.

16. By Order dated March 21, 2021, this Court awarded a total of $295,321.45 in attorney's fees and $3,094.40 in costs.

17. As such, an actual justiciable controversy exists between Evanston and Wexford, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## FIRST CAUSE OF ACTION
## NO DUTY TO INDEMNIFY WEXFORD FOR ATTORNEY'S FEES

18. Evanston incorporates by reference paragraphs 1 to 17 above as if fully stated herein.

19. The Evanston Policy does not provide coverage for an award of attorney's fees or costs under Section 1988, and therefore, Evanston has no duty to indemnify Wexford for the attorney's fees and costs it owes to the Underlying Plaintiff.

20. The Evanston Policy's Common Policy Conditions, which by its explicit terms applies to all Coverage Parts, specifically excludes attorney's fees from the definition of "damages."

21. Further, the Evanston Policy's amended definition of "damages" does not include attorney's fees.

22. Additionally, the Evanston Policy's amended definition of "claims expenses" only provides coverage for "reasonable and necessary amounts incurred by the Company or by the Insured with the prior written consent of the Company in the defense of any covered portion of the Claim."

23. An order to pay an opposing party's attorney's fees and costs is not an amount incurred by Evanston in the defense of a Claim against an insured; rather, it is a penalty assessed or taxed against the insured, which necessarily arises after the defense of the insured in a particular matter has ceased.

24. Moreover, the amended definition of "claims expenses" only provides coverage for attorney's fees for claims brought pursuant to the Prisoner Litigation Reform Act.

25. The plain language of the Evanston policy makes clear that it does not provide coverage for an award of attorney's fees and costs, except in the very limited instance of fees awarded under the Prisoner Litigation Reform Act.

26. In the Underlying Lawsuit, attorney's fees and costs were awarded pursuant to Section 1988, and not the Prisoner Litigation Reform Act.

27. Accordingly, there is no coverage under the Evanston Policy for the attorney's fees and costs awarded against Wexford in the Underlying Lawsuit.

WHEREFORE, Plaintiff Evanston Insurance Company respectfully requests that this Court declare and adjudge the controversy as follows:

A. Evanston has no duty to indemnify Wexford for the attorney's fees and costs awarded in the Underlying Lawsuit, and

B. Grant any other relief that this Court deems just and equitable under the circumstances, including an award of costs.

29801803.v2

DATE: 4/27/21  Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: /s/ Jonathan L. Schwartz
Attorney for Evanston Insurance Company, as successor by merger to Essex Insurance Company

Jonathan L. Schwartz
Goldberg Segalla LLP
*Mailing Address:* P.O. Box 957, Buffalo, NY 14201
*Physical Address:* 222 W. Adams Street, Suite 2250, Chicago, IL 60606
Phone (312) 572-8411
jschwartz@goldbergsegalla.com

29801803.v2